Guthart v Nassau County (2024 NY Slip Op 05960)

Guthart v Nassau County

2024 NY Slip Op 05960

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-01522
 (Index No. 604271/16)

[*1]Mark Guthart, etc., appellant, 
v
Nassau County, et al., respondents.

Taus, Cebulash & Landau, LLP, New York, NY (Miles Greaves, Kevin S. Landau, and Brett Cebulash of counsel), for appellant.
Rosenberg Calica Birney Liebman & Ross LLP, Garden City, NY (John S. Ciulla of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered January 31, 2022. The order denied the plaintiff's motion for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b, granted the defendants' cross-motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is authorized under state law, and denied, as academic, the plaintiff's motion for class certification.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment declaring that the defendants' imposition of a monetary liability on a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal, and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b is granted, the defendants' cross-motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is authorized under state law is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for class certification and for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
The plaintiff commenced this putative class action against the defendants, Nassau County and Nassau County Traffic and Parking Violation Agency, seeking, inter alia, declaratory relief and to recover damages for unjust enrichment, fraud, and negligent misrepresentation. Prior to interposing an answer, the defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action (see Guthart v Nassau County, 178 AD3d 777, 778). The Supreme Court, treating that branch of the defendants' motion as one for a declaration in the defendants' favor with respect to the first cause of action, granted that branch of the motion to the extent of declaring that the imposition of a driver responsibility fee for a red light [*2]camera violation was a proper exercise of the defendants' power to charge and collect administrative fees and, based on that declaration, directed dismissal of the remainder of the complaint for failure to state a cause of action (see id.). The plaintiff appealed to this Court, and this Court reversed, determining that the defendants failed to demonstrate the absence of all factual issues so that a determination as to the rights of the parties could be determined as a matter of law (see id.).
Thereafter, the plaintiff moved for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b. The plaintiff also separately moved for class certification. The defendants cross-moved for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is authorized under state law. The Supreme Court denied the plaintiff's motion for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b, granted the defendants' cross-motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is authorized under state law, and denied the plaintiff's motion for class certification as academic. The plaintiff appeals.
In McGrath v Suffolk County (____ AD3d ____ [decided herewith]), we determined that the imposition of a monetary liability by Suffolk County and Suffolk County Parking Violation Agency for a red light camera violation in excess of $50, or $75 with a late fee, conflicts with, and is preempted by, Vehicle and Traffic Law § 1111-b. Similarly here, the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, conflicts with, and is preempted by, Vehicle and Traffic Law § 1111-b.
Accordingly, we reverse the order, deny the defendants' cross-motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is authorized under state law, grant the plaintiff's motion for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b, and remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the plaintiff's motion for class certification and for the entry of a judgment, inter alia, declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void as a matter of law, or otherwise illegal (see Lanza v Wagner, 11 NY2d 317, 334).
We need not reach the plaintiff's remaining contention in light of our determination.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court